**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>FRANCO FEDERICO,<br><br>               Debtor. | Chapter 7<br><br>Case No. 23-13028-djb |
| ROBERT H. HOLBER, Chapter 7 Trustee of the Bankruptcy Estate of Franco Federico,<br><br>               Plaintiff,<br><br>     v.<br><br>YVONNE M. FEDERICO,<br><br>               Defendant. | Adv. Pro. No. 25-_____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF**
**TRANSFER PURSUANT TO 11 U.S.C. §§ 547, 548 & 550**
**AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Robert H. Holber, in his capacity as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of

the Bankruptcy Estate of Franco Federico (the "Debtor"), and by his undersigned counsel, files

this Complaint for Avoidance and Recovery of Transfer Pursuant to 11 U.S.C. §§ 547, 548 & 550

and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint") against the above-captioned

defendant ("Defendant"), and alleges as follows:

**NATURE OF ACTION**

1.       Plaintiff seeks to avoid and recover from Defendant, an insider of the Debtor, or

from any other person or entity for whose benefit the transfer was made, all (a) preferential

transfers of property of the Debtor that occurred during the one year period before the

commencement of the above-captioned chapter 7 case (the "Preference Period") pursuant to

sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and (b)

transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the

Bankruptcy Code.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the

Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor in the chapter

7 case, notwithstanding whether any such claim previously has been subject to objection or

allowed in full or in part by stipulation or prior order of the Court. Plaintiff does not waive, but

hereby reserves, all of his and the Debtor's rights to object to any such claim for any reason,

including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy

Code.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334(b).

4.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §

157(b) and the Bankruptcy Court may enter final orders herein.

5.      The Trustee affirms his consent to the entry of final orders or judgments by the

Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties,

cannot enter final orders or judgments in this adversary proceeding consistent with Article III of

the United States Constitution.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1409.

7.      Personal jurisdiction exists over Defendant because Defendant conducted business

in the United States, directed activities toward the Debtor in the United States, and/or the

Transfer(s) (as defined below) at issue occurred in the United States.

8.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

9.      Plaintiff is the Chapter 7 Trustee in the Debtor's chapter 7 case, as appointed by the Office of the United States Trustee on or about October 10, 2023.  Plaintiff maintains an office at 41 East Front Street, Media, PA 19063.

10.     As the chapter 7 trustee for the Debtor's estate, Plaintiff has the authority to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors and litigate affirmative claims of and object to claims asserted against the Debtors pursuant to 11 U.S.C. § 704.

11.     Yvonne M Federico is the ex-wife of the Debtor, Franco Federico and maintains an address at 62 W. State Street, Apt. 4, Doylestown, PA 18901-4238.

## BACKGROUND

12.     On October 6, 2023 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code.

13.     The Debtor maintained a bank account at TD Bank account TD Bank account x-9070 (the "Bank Account") during the one-year before the Petition Date (the "Preference Period

14.     According to the Bank Account, the Debtor made one transfer of an interest of the Debtor's property through of a withdrawal of $100,000 paid to Defendant during the Preference Period (the "Transfer").

15.     The Transfer was for alleged repayment of an unsecured and undocumented loan (the "Loan") which upon information and belief and in accordance with the Debtor's 341

testimony, the Trustee believes was not secured, was not documented is not a legitimate and/or

arms-length and/or an enforceable obligation of the Debtor.

16.   As a result, Plaintiff is seeking to avoid the Transfer. The Transfer is set forth

on **Exhibit A** attached hereto.

17.   In accordance with the Debtor's 341 testimony, despite being his ex-wife, the

Defendant should be deemed a relative of Debtor.

18.   In accordance with the Debtor's 341 testimony, the Debtor dealt with Defendant in

a friendly manner and not at "arms-length" in business and personal dealings.

19.   Defendant is and was during the time-period of the Transfer a statutory or non-

statutory insider.

20.   Plaintiff or his professionals has also performed his own due diligence and

evaluation (in conjunction with his financial advisor) of the reasonably knowable affirmative

defenses available to Defendant. As part of that due diligence and where reasonably available,

Plaintiff or his professionals reviewed the Debtor's books and records in his possession applicable

to the Defendant. Irrespective of this diligence, it is the Defendant not the Plaintiff that ultimately

bears the burden of proof under section 547(g) of the Bankruptcy Code as to any defenses available

under section 547(c). Any applicable consideration that the Trustee gave to Defendant's defenses

are based on data gleaned from the Debtor's books and records available and applicable to each

Defendant, which calculations may be subject to adjustment or otherwise conflict with Defendant's

records or the Trustee's professionals continuing analysis based on the information that they are

given. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to any

defenses under section 547(c).

21.     Based upon Plaintiff's review of the information, and after performing Plaintiff's own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfer, Plaintiff has determined that Plaintiff may avoid the Transfer even after taking into account any alleged affirmative defenses.

22.     During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to or for the benefit of Defendant during or before the Preference Period that are avoidable under sections 547 or 548 of the Bankruptcy Code. Plaintiff intends to avoid and recover all such transfers made to or for the benefit of Defendant or any other transferee during the Preference Period. Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfer (as defined below), (ii) additional transfers made during or before the Preference Period, (iii) additional defendants, (iv) modifications of or revision to Defendant's name, and (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intends for any such Amendments to relate back to this Complaint.

23.     During the Preference Period, the Debtor (i) began to fall behind on payments to its vendors but continued to incur debts that the Debtor was unable to pay as they came due, (ii) had outstanding liabilities that exceeded the Debtor's assets, and (iii) had insufficient capital, and insufficient access to capital, to continue operating their business.

24.     Upon information and belief, based on Plaintiff's liquidation of the Debtor's non-litigation assets and the projected recoveries from the Debtor's litigation assets, general unsecured creditors will not be paid in full in the chapter 7 case.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

25.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

26.     During the Preference Period, the transferring Debtor made Transfer to or for the benefit of Defendant in an aggregate amount not less than $100,000, as more fully identified on Exhibit A.

27.     The Transfer was paid from the Bank Account described supra, and constituted a transfer of an interest in property of the Debtor.

28.     Only to the extent that the Loan was an enforceable obligation of the Debtor, the Defendant was a creditor of the Debtor at the time the Transfer was made by virtue of Loan (if enforceable), for which the Debtor was (if enforceable) obligated to pay.

29.     The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied one or more debts then owed by the Debtor to Defendant.

30.     The Transfer to Defendant was made for or on account of an antecedent debt owed by the Debtor to Defendant before such Transfer was made, as asserted by Defendant, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) held by Defendant (if enforceable) against the Debtor.

31.     The Transfer was made while the Debtor to which such Transfer relates was insolvent. Plaintiff is entitled to the presumption that the Debtor was insolvent during the Preference Period, pursuant to 11 U.S.C. § 547(f) and otherwise was insolvent during the full one year period before the Petition Date.

32.     The Transfer was made during the Preference Period within the one year prior to the Petition Date.

33.     The Transfer enabled Defendant to receive more than Defendant would have received if: (i) the Debtor's estate was liquidated through proceedings under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

34.     Plaintiff has conducted reasonable due diligence given the circumstances of the case and has taken into account Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

35.     By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))

36.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

37.     To the Transfer identified on Exhibit A cannot be avoided under section 547 of the Bankruptcy Code (because, inter alia, such Transfer was not made on account of an antecedent debt (because the Loan is not enforceable) or the Defendant is not an statutory or non-statutory insider of the Debtor), Plaintiff then pleads in the alternative that such Transfer (a "Fraudulent Transfer")

38.     Upon information and belief, the Loan is not a legitimate and/or arm-length and/or an enforceable obligation of the Debtor.

39.     Thus, the Transfer is avoidable under section 548 of the Bankruptcy Code as:

   a.     the Fraudulent Transfer was a transfer of an interest in property of the Debtor;

   b.     the Fraudulent Transfer was made within two (2) years prior to the

Petition Date;

c.      the Fraudulent Transfer was made to or for the benefit of Defendant;

d.      the Debtor making such Fraudulent Transfer received less than reasonably equivalent value in exchange for such Fraudulent Transfer as the Loan was not a legitimate and/or arms-length and/or an enforceable obligation of the Debtor; and

e.      the Debtor making such Fraudulent Transfer: (i) was insolvent on the date such Fraudulent Transfer was made or became insolvent as a result of such Fraudulent Transfer, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; or (iii) intended to incur, or believed it would incur, debts beyond such Debtor's ability to pay as such debts matured. *See supra*, ¶ 21.

By reason of the foregoing and in the alternative to Count I, the Transfer constitutes a constructive fraudulent transfer, which should be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

40.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

41.     Plaintiff is entitled to avoid the Transfer under sections 547(b) and/or 548 of the Bankruptcy Code, as applicable.

42.     Defendant was the initial transferee of the Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

43.     Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the full amount of each Transfer, as set forth in **Exhibit A**.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502)

44.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

45.    Defendant is a transferee of the Transfer avoidable pursuant to sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

46.    Defendant has not paid the amount of the Transfer, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

47.    Pursuant to sections 502(d) and (j) of the Bankruptcy Code, and irrespective of whether any order or stipulation allowing Defendant's claims has been approved by the Court, any claims held by Defendant in the chapter 7 case must be disallowed, and if previously allowed, allowance must be reconsidered, until such time as Defendant returns amounts equal to the aggregate amount of the Transfer, plus interest thereon and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

(a)    For a determination that the Transfer is avoidable preferential transfer under 11 U.S.C. § 547, as applicable, and that Plaintiff is entitled to recover the Transfer under 11 U.S.C. § 550 of the Bankruptcy Code;

(b)    For a determination that, in the alternative, the Transfer is avoidable under 11 U.S.C. § 548, as applicable, and that Plaintiff is entitled to recover the Transfer under 11 U.S.C. § 550 of the Bankruptcy Code;

(c)    Disallowing any claims filed by, or scheduled in favor of, Defendant under 11 U.S.C. § 502(d) and (j);

(d)    Awarding Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

(e)    For such other and further relief as the Court may deem just and proper.

#12003632v1<Active> - Yvonne M. Federico Preference Complaint

**FLASTER GREENBERG P.C.**

Dated:  September 30, 2025

/s/ *William J. Burnett*
William Burnett, Esquire (WB4536)
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
Tel: (215) 279-9383
William.burnett@flastergreenberg.com
*Counsel for the Chapter 7 Trustee*

#12003632v1<Active> - Yvonne M. Federico Preference Complaint